# EXHIBIT 1

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/27/2024
CT Log Number 546076315

## Service of Process Transmittal Summary

**TO:**    Legal Department, Owner
The Men's Wearhouse
5601 ARNOLD RD STE 200
DUBLIN, CA 94568-7724

**RE:**    **Process Served in California**

**FOR:**    Tailored Shared Services, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MELISSA MARSHALL, individually, and on behalf of other members of the general public similarly situated // To: Tailored Shared Services, LLC |
| **CASE #:** | 24STCV07672 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/27/2024 at 12:25 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Legal Department  LegalDept@tmw.com |
| | Email Notification,  Irene Guzman  irene.guzman@tailoredbrands.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Wed, Mar 27, 2024
**Server Name:**                             Jimmy Lizama

| Entity Served | TAILORED SHARED SERVICES, LLC |
|---|---|
| Case Number | 24STCV07672 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>TAILORED SHARED SERVICES, LLC, a limited liability company,<br>Additional Parties Attachment form is attached<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>MELISSA MARSHALL, individually, and on behalf of other members<br>of the general public similarly situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>3/26/2024 1:37 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles: Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>24STCV07672 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Camron Dowlatshahi; 333 South Hope Street, 40th Floor, Los Angeles, CA 90071; (213) 628-3856

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 03/26/2024 | Clerk, by<br>*(Secretario)* | David W. Slayton, Executive Officer/Clerk of Court<br>J. Nunez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* TAILORED SHARED SERVICES, LLC, a limited liability company

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☒ other *(specify):* Corp. Code 17701.16, Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Marshall v. Tailored Shared Services, LLC, et al. | 24STCV07672 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

THE MEN'S WEARHOUSE, LLC, a limited liability company, and DOES 1 through 10, inclusive

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Mills Sadat Dowlat LLP<br>Arash Sadat (SBN 279282); Brigitte Mills (SBN 28198)<br>Camron Dowlatshahi (SBN 279282)<br>333 South Hope Street, 40th Floor, Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 628-3856    FAX NO.:<br>ATTORNEY FOR *(Name):* Melissa Marshall | **FOR COURT USE ONLY**<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>3/26/2024 1:37 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Marshall v. Tailored Shared Services, LLC, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:**<br>24STCV07672 |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **JUDGE:**<br><br>**DEPT:** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 26, 2024

Camron Dowlatshahi
_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Marshall v. Tailored Shared Services, LLC, et al. | 24STCV07672 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Marshall v. Tailored Shared Services, LLC, et al. | |

| | | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Marshall v. Tailored Shared Services, LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE<br>Marshall v. Tailored Shared Services, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE<br>Marshall v. Tailored Shared Services, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _03/26/2024_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

1 | MILLS SADAT DOWLAT LLP
Arash Sadat (SBN 279282)
2 | Brigitte Mills (SBN 281098)
Camron Dowlatsahi (SBN 308618)
3 | 333 South Hope Street, 40th Floor
Los Angeles, CA 90071
4 | Tel.:   (213) 628-3856
Email: arash@msdlawyers.com
5 | Email: brie@msdlawyers.com
Email: camron@msdlawyers.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2024 1:37 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

6 |

7 | Attorneys for Plaintiff and the Putative Class

8 |

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF LOS ANGELES**

11 |

12 | MELISSA MARSHALL, individually, and
on behalf of other members of the general
13 | public similarly situated,

Case No. 24STCV07672

**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**

14 |                    Plaintiff,

**(1) Failure to Pay Minimum Wage for All Hours Worked (Labor Code §§ 1182.12, 1194, 1194.2, 1197 and 1197.1)**

15 |         v.

16 | TAILORED SHARED SERVICES, LLC, a
limited liability company, THE MEN'S
17 | WEARHOUSE, LLC, a limited liability
company, and DOES 1 through 10,
18 | inclusive,

**(2) Failure to Pay Overtime Compensation (Lab. Code §§ 1194 and 1198)**

**(3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

19 |                    Defendants.

**(4) Failure to Provide Rest Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

20 |

21 |

**(5) Failure to Indemnify Necessary Business Expenses (Lab. Code §§ 2802)**

22 |

**(6) Waiting Time Penalties (Lab. Code §§ 201-203)**

23 |

24 |

**(7) Failure to Provide Accurate Wage Statements (Lab. Code § 226)**

25 |

**(8) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.)**

26 |

27 |

**(9) Private Attorneys General Act (Labor Code §§ 2698, et seq.)**

28 |

**JURY TRIAL DEMANDED**

# TABLE OF CONTENTS

INTRODUCTION & PRELIMINARY STATEMENT ................................................................... 1

THE PARTIES .......................................................................................................................... 2

    A.   Plaintiff ...................................................................................................................... 3

    B.   Defendants ................................................................................................................. 3

VENUE AND JURISDICTION .................................................................................................. 4

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION ...................................................... 5

FIRST CAUSE OF ACTION ..................................................................................................... 11

SECOND CAUSE OF ACTION ................................................................................................. 13

THIRD CAUSE OF ACTION .................................................................................................... 14

FOURTH CAUSE OF ACTION ................................................................................................. 15

FIFTH CAUSE OF ACTION ..................................................................................................... 16

SIXTH CAUSE OF ACTION ..................................................................................................... 17

SEVENTH CAUSE OF ACTION ............................................................................................... 17

EIGHTH CAUSE OF ACTION .................................................................................................. 18

NINTH CAUSE OF ACTION .................................................................................................... 20

PRAYER FOR RELIEF ............................................................................................................ 22

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    Plaintiff Melissa Marshall, individually, and on behalf of other members of the general

2    public similarly situated, by and through her undersigned counsel, brings this action against

3    Defendants Tailored Shared Services, LLC, The Men's Wearhouse, LLC, and Does 1 through 10,

4    inclusive, and alleges as follows:

5    **INTRODUCTION & PRELIMINARY STATEMENT**

6    1.    Plaintiff brings this action against Defendants Tailored Shared Services, LLC, The

7    Men's Wearhouse, LLC, and Does 1 through 10 (collectively referred to as "Defendants") for

8    California Labor Code violations and unfair business practices stemming from Defendants' failure

9    to pay minimum wages, failure to pay overtime compensation, failure to provide meal periods,

10   failure to authorize and permit rest periods, failure to maintain accurate records of hours worked

11   and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify

12   necessary business expenses and failure to furnish accurate wage statements.

13   2.    Plaintiff brings the First through Eighth Causes of Action individually and as a class

14   action on behalf of herself and certain current and former employees of Defendants (hereinafter

15   collectively referred to as the "Class" or "Class Members" and defined more fully below). The

16   Class consists of Plaintiff and all other persons who have been employed by any Defendants in

17   California as an hourly-paid, non-exempt employee during the statute of limitations period

18   applicable to the claims pleaded here.

19   3.    Plaintiff brings the Ninth Cause of Action as a representative action under the

20   Private Attorneys General Act ("PAGA") to recover civil penalties that are owed to Plaintiff, the

21   State of California, and past and present employees of Defendants employed at any time within the

22   applicable statutory period (hereinafter referred to as the "Aggrieved Employees").

23   4.    Defendants own/owned and operate/operated an industry, business, and

24   establishment within the State of California, including Los Angeles. As such, and based upon all

25   the facts and circumstances incident to Defendants' business in California, Defendants are subject

26   to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"),

27   and the California Business & Professions Code.

28

1

5.    Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a) Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b) Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay for each workday a meal period violation occurred;

(c) Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay for each workday a rest period violation occurred;

(d) Willfully failing to pay employees all minimum wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

(e) Failing to maintain accurate records of the hours that employees worked; and

(f) Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

6.    On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

**THE PARTIES**

2

**A. Plaintiff**

8.    Plaintiff Melissa Marshall ("Plaintiff") is an individual residing in the County of San Bernardino, California and has worked as a non-exempt tailor for Defendants from approximately September 1995 through the present.

9.    Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B. Defendants**

10.    Plaintiff is informed and believe, and based upon that information and belief alleges, that Defendant Tailored Shared Services, LLC ("TSS") is:

   (a) a California corporation with its principal place of business in the County of Alameda, California.

   (b) A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County;

   (c) The current or former employer of Plaintiff and of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions; and

   (d) At all times mentioned herein, Defendant is and was doing business as Tailored Shared Services, LLC.

11.    Plaintiff is informed and believe, and based upon that information and belief alleges, that Defendant The Men's Wearhouse, LLC ("Men's Wearhouse") is:

   (a) a California corporation with its principal place of business in the County of Alameda, California.

   (b) A business entity conducting business in numerous counties throughout the State of California, including in Los Angeles County;

   (c) The current or former employer of Plaintiff and of the putative Class. Defendants suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions; and

3

1    (d) At all times mentioned herein, Defendant is and was doing business as The Men's
2        Wearhouse, LLC.

3    12.    Plaintiff is unaware of the true names and capacities of the defendants sued as Does
4    1 through 10, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will
5    amend this complaint to allege their true names and capacities when the same have been
6    ascertained. Plaintiff is informed and believes that each of the fictitiously named defendants is
7    responsible in some manner for the occurrences herein alleged and that Plaintiff's damages were
8    proximately caused by said defendants' conduct.

9    13.    At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and
10   each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or
11   injured a significant number of the Plaintiff and the Class in the State of California.
12   Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant,
13   directly or indirectly, or through agents or other persons, employed Plaintiff and the other
14   employees described in the class definitions below, and exercised control over their wages, hours,
15   and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant
16   times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling
17   shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in
18   interest of some or all of the other Defendants, and was engaged with some or all of the other
19   Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the
20   other Defendants so as to be liable for their conduct with respect to the matters alleged below.
21   Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and
22   within the scope of the relationships alleged above, that each Defendant knew or should have
23   known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the
24   conduct of all other Defendants.

25                          **VENUE AND JURISDICTION**

26   14.    The wrongful conduct alleged against the Defendants occurred in the County of Los
27   Angeles, California. At all times relevant hereto, the conduct at issue was part of a continuous and
28   ongoing pattern of behavior.

4

15. This Court is the proper forum to adjudicate this action because the wrongful acts that are the subject of this action occurred here, the Defendant now resides in its jurisdictional area, and injury to person occurred in its jurisdictional area.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. During the statutory period, Defendants classified Plaintiff as non-exempt from California's overtime requirements, and paid Plaintiff an hourly wage.

17. Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff' experience working for Defendants was typical and illustrative.

18. Throughout the statutory period, Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked. Defendants failed to incorporate all remuneration when calculating the correct rate of pay and meal and rest break premium rate of pay, leading to underpayment to Plaintiff and the Class.

19. In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

20. Throughout the statutory period, Defendants wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants sometimes, but not always, required Plaintiff and the Class to work in excess of five consecutive hours a day without providing timely 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

21. Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants always required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods.

22. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

23. Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class during and at the conclusion of their employment all wages for all minimum wages, meal period premium wages, and rest period premium wages.

24. Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

    (a) the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

6

(b) the violations led them to believe that they had been paid the minimum, meal period premium, and rest period premium wages, even though they had not been;

(c) the violations led them to believe they were not entitled to be paid minimum, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d) the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e) the violations hindered them from determining the amounts of minimum, meal period premium, and rest period premium owed to them;

(f) in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g) by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h) the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure § 382.

7

26.     All claims alleged herein arise under California law for which Plaintiff seek relief authorized by California law.

27.     The proposed Class consists of and is defined as:

All persons who worked for any Defendant in California as a non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

28.     At all material times, Plaintiff was a member of the Class.

29.     Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

30.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) Numerosity:  The members of the Class (and each subclass, if any) are so that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have

8

1    been, are, and will be necessarily expended for the prosecution of this action for the

2    substantial benefit of each class member.

3    (d) Superiority: A Class Action is superior to other available methods for the fair and

4    efficient adjudication of the controversy, including consideration of:

5        1.  The interests of the members of the Class in individually controlling the

6           prosecution or defense of separate actions;

7        2.  The extent and nature of any litigation concerning the controversy already

8           commenced by or against members of the Class;

9        3.  The desirability or undesirability of concentrating the litigation of the claims

10          in the particular forum; and

11       4.  The difficulties likely to be encountered in the management of a class

12          action.

13   (e) Public Policy Considerations: The public policy of the State of California is to

14   resolve the California Labor Code claims of many employees through a class

15   action. Indeed, current employees are often afraid to assert their rights out of fear of

16   direct or indirect retaliation. Former employees are also fearful of bringing actions

17   because they believe their former employers might damage their future endeavors

18   through negative references and/or other means. Class actions provide the class

19   members who are not named in the complaint with a type of anonymity that allows

20   for the vindication of their rights at the same time as their privacy is protected.

21   31.    There are common questions of law and fact as to the Class (and each subclass, if

22   any) that predominate over questions affecting only individual members, including without

23   limitation, whether, as alleged herein, Defendants have:

24   (a) Failed to pay Class Members for all hours worked, including minimum wages, and

25   overtime wages;

26   (b) Failed to provide meal periods and pay meal period premium wages to Class

27   Members;

28

CLASS AND REPRESENTATIVE ACTION COMPLAINT

(c) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d) Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e) Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

(f) Failed to reimburse Class Members for all necessary business expenses; and

(g) Violated California Business & Professions Code §§ 17200 et. seq. as a result of their illegal conduct as described above.

32.     This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c) The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d) Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f) Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1. Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

10

2. Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

33. Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

### first CAUSE OF ACTION

**Failure to Pay Minimum Wage for All Hours Worked (Labor Code §§ 1182.12, 1194, 1194.2, 1197 and 1197.1);**

(Against All Defendants)

34. Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

35. "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

36. At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions

11

1  of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which

2  require such compensation to non-exempt employees.

3      37.    Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all

4  non-overtime hours worked for Defendants.

5      38.    By and through the conduct described above, Plaintiff and the Class have been

6  deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

7      39.    By virtue of the Defendants' unlawful failure to pay additional compensation to

8  Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class

9  suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff

10  and the Class, but which exceed the jurisdictional minimum of this Court, and which will be

11  ascertained according to proof at trial.

12      40.    By failing to keep adequate time records required by Labor Code § 1174(d),

13  Defendants have made it difficult to calculate the full extent of minimum wage compensation due

14  Plaintiff and the Class.

15      41.    Pursuant to Labor Code section 1194.2, Plaintiff and the Class are entitled to

16  recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

17      42.    Labor Code section 204 requires employers to provide employees with all wages

18  due and payable twice a month. Throughout the statute of limitations period applicable to this

19  cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by

20  law, including minimum wages. However, during all such times, Defendants systematically failed

21  and refused to pay Plaintiff and the Class all such wages due and failed to pay those wages twice a

22  month.

23      43.    Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum

24  wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§

25  218.5, 218.6, and 1194(a).

26  //

27  //

28  //

### second CAUSE OF ACTION

**Failure to Provide Overtime Compensation (Lab. Code §§ 510, 1194, 1198)**

(Against All Defendants)

44.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

45.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

46.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

47.     At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

48.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class are regularly required to work overtime hours.

49.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

50.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

13

51.     Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

52.     California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

**THIRD CAUSE OF ACTION**

**Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

(Against All Defendants)

53.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

54.     At all relevant times, Defendants were aware of and were under a duty to comply with Labor Code sections 226.7 and 512 and applicable sections of IWC Wage Orders.

55.     Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

56.     Section 11 of Wage Order No. 4 provides, and at all times relevant hereto provided, in relevant part that:

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty"

14

1    meal period shall be permitted only when the nature of the work prevents an

2    employee from being relieved of all duty and when by written agreement between

3    the parties an on-the-job paid meal period is agreed to. The written agreement shall

4    state that the employee may, in writing, revoke the agreement at any time. If an

5    employer fails to provide an employee a meal period in accordance with the

6    applicable provisions of this Order, the employer shall pay the employee one (1)

7    hour of pay at the employee's regular rate of compensation for each work day that

8    the meal period is not provided.

9        57.    Labor Code section 226.7 prohibits any employer from requiring any employee to

10  work during any meal or rest period mandated by an applicable IWC wage order, and provides that

11  an employer that fails to provide an employee with a required rest break or meal period shall pay

12  that employee one additional hour of pay at the employee's regular rate of compensation for each

13  work day that the employer does not provide a compliant meal or rest period.

14       58.    Defendants knowingly failed to provide Plaintiff and the Class with meal periods as

15  required by law.  Defendants also failed to provide Plaintiff and the Class with any payment of

16  meal premiums. Plaintiff and the Class are entitled to be paid one hour of premium wages rate for

17  each workday he or she was not provided with all required meal break(s), plus interest thereon.

18       59.    Plaintiff and the Class have therefore been damaged and are entitled to payment of

19  the meal period premiums as provided by law.

20              **FOURTH CAUSE OF ACTION**

21     **Failure to Provide Rest Periods (Lab. Code §§ 226.7, 512, and IWC Wage Orders)**

22               (Against All Defendants)

23       60.    Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth

24  fully herein.

25       61.    Section 12 of Wage Order No. 4 provides, and at all times relevant hereto provided,

26  in relevant part that:

27    Every employer shall authorize and permit all employees to take rest periods, which

28    insofar as practicable shall be in the middle of each work period. The authorized

1  rest period time shall be based on the total hours worked daily at the rate of ten (10)

2  minutes net rest time per four (4) hours or major fraction thereof. However, a rest

3  period need not be authorized for employees whose total daily work time is less

4  than three and one-half (3 ½) hours. Authorized rest period time shall be counted,

5  as hours worked, for which there shall be no deduction from wages. If an employer

6  fails to provide an employee a rest period in accordance with the applicable

7  provisions of this Order, the employer shall pay the employee one (1) hour of pay

8  at the employee's regular rate of compensation for each work day that the rest

9  period is not provided.

10  62.     Labor Code section 226.7 prohibits any employer from requiring any employee to

11  work during any meal or rest period mandated by an applicable IWC wage order, and provides that

12  an employer that fails to provide an employee with a required rest break or meal period shall pay

13  that employee one additional hour of pay at the employee's regular rate of compensation for each

14  work day that the employer does not provide a compliant meal or rest period.

15  63.     Defendants knowingly failed to provide Plaintiff and the Class with rest periods as

16  required by law, and knowingly failed to authorize and permit Plaintiff to take rest periods as

17  required by law.  Defendants also failed to provide Plaintiff and the Class with any payment of rest

18  premiums.  Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each

19  workday he or she was not provided with all required rest break(s), plus interest thereon.

20  64.     Plaintiff and the Class have therefore been damaged and are entitled to payment of

21  the meal and rest period premiums as provided by law.

22  **FIFTH CAUSE OF ACTION**

23  **Failure to Indemnify Necessary Business Expenses (Lab. Code § 2802)**

24  (Against All Defendants)

25  65.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth

26  fully herein.

27  66.     Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing

28  to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses

1    incurred in direct consequence of the discharge of their duties or of their obedience to directions of

2    Defendants.

3        67.    As a result, Plaintiff and the Class were damaged at least in the amounts of the

4    expenses they paid, or which were deducted by Defendants from their wages.

5        68.    Plaintiff and the Class they represent are entitled to attorney's fees, expenses, and

6    costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section

7    2802(b).

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties (Lab. Code §§ 201-203)

#### (Against All Defendants)

11       69.    Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth

12   fully herein.

13       70.    Labor Code sections 201 and 202 require an employer to pay its employees all

14   wages due immediately upon discharge or within 72 hours of resignation.  This requirement

15   applies to unpaid overtime wages.  Labor Code section 203 provides that if an employer willfully

16   fails to pay such wages, the employer must continue to pay the subject employee's wages until the

17   back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

18       71.    Defendants willfully failed to pay Plaintiff and the Class their earned and unpaid

19   wages for 30 days from the time such wages should have been paid under the Labor Code.

20       72.    As a result of Defendants' willful failure to pay owed wages upon separation from

21   employment, Plaintiff and the Class have been harmed and Defendants are liable for statutory

22   waiting time penalties pursuant to Labor Code section 203.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements (Lab. Code § 226)

#### (Against All Defendants)

26       73.    Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth

27   fully herein.

28

17

74.     Labor Code section 226, subdivision (a) requires employers to provide employees, semi-monthly or at the time of each payment of wages, with a statement that accurately reflects certain itemized information including total number of hours worked.

75.     Defendants knowingly and intentionally failed to furnish Plaintiff and the Class with timely and accurate wage statements that accurately reflected the total number of hours worked and wages earned, as required by Labor Code section 226.

76.     As a result of Defendants' failure to provide accurate itemized wage statements, Plaintiff and the Class suffered actual damages and harm by being unable to determine the amount of overtime worked each pay period in a timely manner, which prevented them from asserting their rights under California law.

77.     Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of the Labor Code and related laws and regulations.

78.     Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with Labor Code § 226(a).

79.     Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to Labor Code § 226(h).

**EIGHTH CAUSE OF ACTION**

**Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*)**

(Against All Defendants)

80.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

81.     Business and Professions Code section 17200, *et seq.* ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice." Defendants have engaged in unlawful activity as follows:

18

(a) Violations of Labor Code sections 510, 1194, 1198 for failure to pay minimum wages, including overtime wages;

(b) Violations of Labor Code sections 226.7 and 512 for failure to provide meal periods and rest breaks;

(c) Violations of Labor Code section 226 for failure to provide accurate wage statements;

(d) Violation of Labor Code section 2802 for failure to indemnify necessary business expenses;

(e) Violations of Labor Code sections 201-203 for failure to pay accrued wages upon separation of employment;

82. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

83. Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

84. Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

85. Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

19

CLASS AND REPRESENTATIVE ACTION COMPLAINT

86.     Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

87.     Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

88.     Pursuant to California Business & Professions Code §§ 17200, et seq., Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

### Private Attorneys General Act (Labor Code §§ 2698, *et seq.*)

(Against All Defendants)

89.     Plaintiff incorporates all preceding paragraphs of this Complaint as though set forth fully herein.

90.     At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

91.     Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a

20

1    civil action brought by an aggrieved employee on behalf of himself or herself and other current or

2    former employees pursuant to the procedures specified in Section 2699.3."

3         92.    Plaintiff has exhausted their administrative remedies pursuant to California Labor

4    Code § 2699.3. On March 22, 2024, Plaintiff gave written notice by online filing to the Labor and

5    Workforce Development Agency and by certified mail to Defendants of the specific provisions of

6    the Labor Code that Defendants have violated against Plaintiff and current and former aggrieved

7    employees, including the facts and theories to support the violations. (Attached as **Exhibit A**).

8    Plaintiff's PAGA case number is LWDA-CM-1018170-24.

9         93.    At the time of this filing, the Labor and Workforce Development Agency has not

10   indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice.

11   If it does so, Plaintiff will amend her complaint. Otherwise, Plaintiff may commence a civil action

12   to recover penalties under Labor Code § 2699 pursuant to § 2699.3 for the violations of the Labor

13   Code described in this Complaint. These penalties include, but are not limited to, penalties under

14   California Labor Code §§ 210, 226.3, 558, 1197.1, and 2699(f)(2).

15        94.    In addition, Plaintiff seeks penalties for Defendants' violation of California Labor

16   Code § 1174(d). Pursuant to California Labor Code § 1174.5, any person, including any entity,

17   employing labor who willfully fails to maintain accurate and complete records required by

18   California Labor Code § 1174 is subject to a penalty under § 1174.5. Pursuant to the applicable

19   IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins

20   and ends each work period. Meal periods, and total hours worked daily shall also be recorded.

21        95.    Additionally, pursuant to the applicable IWC Order § 7(A)(5), every employer shall

22   keep total hours worked in the payroll period and applicable rates of pay.

23        96.    During the time period of employment for Plaintiff and the Aggrieved Employees,

24   Defendants failed to maintain records pursuant to the Labor Code and IWC Orders by failing to

25   maintain accurate records showing meal periods, and accurate records showing when employees

26   begin and end each work period. Defendants' failure to provide and maintain records required by

27   the Labor Code IWC Wage Orders deprived Plaintiff and the Aggrieved Employees the ability to

28   know, understand and question the accuracy and frequency of meal periods, and the accuracy of

their hours worked stated in Defendants' records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial. Because of Defendants' knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

97.     Based on the conduct described in this Complaint, Plaintiff is entitled to an award of civil penalties on behalf of themselves, the State of California, and similarly Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

98.     In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

<u>Class Certification</u>

1.     That this action be certified as a class action under Code of Civil Procedure § 382;

2.     That Plaintiff be appointed as the representatives of the Class; and

3.     That counsel for Plaintiff be appointed as Class Counsel.

//

//

//

22

As to the First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5. For general unpaid wages as may be appropriate;

6. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7. For liquidated damages;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to Labor Code § 1194(a); and,

9. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11. For general unpaid wages at overtime wage rates as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16. For unpaid meal period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23

18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

20. That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21. For unpaid rest period premium wages as may be appropriate;

22. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25. That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 the IWC Wage Orders;

26. For general unpaid wages and reimbursement of business expenses as may be appropriate;

27. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28. For reasonable attorneys' fees and for costs of suit incurred herein; and

29. For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32. For pre-judgment interest on any unpaid wages from the date such amounts were due;

24

33. For reasonable attorneys' fees and for costs of suit incurred herein; and

34. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Seventh Cause of Action</u>

35. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36. For penalties and actual damages pursuant to California Labor Code § 226(e);

37. For injunctive relief to ensure compliance with this section, pursuant to Labor Code § 226(h);

38. For reasonable attorneys' fees and for costs of suit incurred herein; and

39. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Eighth Cause of Action</u>

40. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code §§ 17200, *et seq.* by failing to pay wages for all hours worked (including minimum wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, and failing to furnish accurate wage statements;

41. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

43. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure § 1021.5;

44. For injunctive relief to ensure compliance with this section, pursuant to Business & Professions Code §§ 17200, *et seq.*; and

25

45. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Ninth Cause of Action</u>

46. That the Court declare, adjudge and decree that Defendants violated the Labor Code by failing to pay minimum wages, failing to provide meal periods, failing to authorize and permit rest periods, failing to maintain accurate records of hours worked and meal periods, failing to timely pay all wages to terminated employees, and failing to furnish accurate wage statements;

47. For all civil penalties pursuant to California Labor Code § 2699, et seq., and all other applicable Labor Code provisions;

48. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code § 2699;

49. For such other and further relief as the Court may deem equitable and appropriate

<u>As to all Causes of Action</u>

50. For any additional relief that the Court deems just and proper.

Dated:  March 26, 2024                          MILLS SADAT DOWLAT LLP


By: _____

Camron Dowlatshahi

Attorneys for Plaintiff
and the Putative Class

# EXHIBIT A



**MILLS SADAT DOWLAT LLP**

333 South Hope Street
40th Floor
Los Angeles, CA 90071
www.msdlawllp.com

Camron Dowlatshahi
O: +1 213 628 3856
D: +1 213 279 2612
E: camron@msdlawllp.com

March 22, 2024

**VIA ELECTRONIC SUBMISSION;**
**VIA CERTIFIED MAIL AND EMAIL TO OPPOSING PARTY**

California Labor and Workforce Development Agency
Attn: PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

The Men's Wearhouse, LLC
6380 Rogerdale Road
Houston, TX 77072

     **Re:**    **Notice of Claim Under Private Attorneys General Act ("PAGA")**

To Whom It May Concern:

     My firm represents Melissa Marshall ("Plaintiff") and all other aggrieved employees who intend to file an action against The Men's Wearhouse, LLC ("Defendant" or "Men's Wearhouse") in connection with Defendant's violations of the California Labor Code. This letter shall serve as notice, and a request, pursuant to Labor Code section 2699.3, *et seq.* ("PAGA"), that the Labor and Workforce Development Agency ("LWDA") investigate the violations by Defendant described herein against Plaintiff and other current and/or former employees. If LWDA does not intend to investigate the violations described herein, we respectfully request that the agency specifically notify our office of the same at your earliest possible opportunity.

### Statement of Specific Provisions of the Labor Code Violated

     Plaintiffs intend to prosecute a civil action against Defendant for violations of Labor Code sections 226, subdivision (a), 226.7, 512, and 558.

### Facts and Theories in Support of Violations

     Defendant provides retail services and is registered to do business in the State of California. Defendant employed Plaintiff from on or about 1985. Plaintiff worked as a tailor.

     Defendant willfully ignored California meal and rest break laws and instituted a policy where Plaintiff was not allowed rest breaks and frequently missed meal breaks, or had meal breaks interrupted. Plaintiff was issued inaccurate wage statements, which failed to list premium pay. Plaintiff is informed and believes, and on that basis alleges, that Defendant failed to notify other employees of their premium pay for each payroll period.

//



### Failure to Provide Accurate Wage Statements

Pursuant to Labor Code section 226 ("Section 226"), subdivision (a), an employer is required to provide itemized wage statements. Plaintiff was issued inaccurate wage statements, which failed to list premium pay and all hours worked. Plaintiff is informed and believes, and on that basis alleges, that Defendant failed to notify other employees of their premium pay for each payroll period.

### Penalties for Unpaid Wages

Pursuant to Labor Code section 558, subdivision (a), and employer who violates "any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty." (Lab. Code § 558, subd. (a).)

An employer's initial violation is subject to a "fifty dollar penalty ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages." *Ibid.* Thereafter, each subsequent violation is subject to a penalty of "one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages." *Ibid.*

Here, Defendant's personnel were often required to work more than 8 hours per day to complete work within the timeframes dictated by Defendant. Defendant, however, did not provide all overtime and pay for off-the-clock work. Defendant is therefore liable for civil penalties under section 558, subdivision (a).

### Unlawful Failure to Provide Uninterrupted Off-Duty Meal and Rest Periods

Plaintiff and similarly situated employees regularly worked in excess of five hours per day without being provided at least one half-hour meal period in which they were relieved of all duties. (Lab. Code §§ 226.7, 512; *see also* Industrial Welfare Commission Order No. 4-2001.) Plaintiff and similarly situated employees also regularly worked in excess of four hours without being provided at least a ten-minute rest period in which they were relieved of all their duties. (Lab. Code §§ 226.7, 512; *see also* Industrial Welfare Commission Order No. 4-2001.)

Throughout Plaintiff's employment, she was not able to take uninterrupted off-duty meal and rest periods in accordance with Labor Code. Defendant did not maintain a policy that ensured Plaintiff received requisite meal and rest periods until the final months of Plaintiff's employment. Furthermore, Defendant caused Plaintiff to miss meal and rest periods and failed to pay her the premium compensation mandated by Labor Code section 226.7, subdivisions (b)-(c). As a result of these Labor Code violations, Defendant is liable for civil penalties. (Lab. Code § 2698, *et seq.*)

2



## Conclusion

As described above, Defendant has violated numerous wage and hour provisions of the Labor Code. As a result, Defendant is liable to Plaintiff and other current and former employees for civil penalties, attorney's fees, and costs, pursuant to Labor Code sections 226, subdivision (a), 226.7, and 558.

This letter shall serve as Plaintiff's notice pursuant to Labor Code section 2699.3 and we ask that LWDA conduct an investigation concerning the violations described herein. Alternatively, if LWDA does not intend to investigate these violations, we ask that it issue a notification letter to our office confirming the same so that we may proceed with our civil action asserting the PAGA claims described herein.

Please feel free to contact me if you have any questions or if you would like to discuss this matter further. Nothing in this letter is intended to be, or should be construed as, an admission against the interests of Plaintiff or other current or former employees of Defendant and shall not be construed as a waiver of their rights, remedies, claims, or defenses, all of which are expressly reserved.

Sincerely,

Camron Dowlatshahi

cc:    Yolanda.Diaz@tailoredbrands.com

3