O

# United States District Court
# Central District of California

| | |
|---|---|
| MELISSA MARSHALL,<br><br>             Plaintiff,<br><br>      v.<br><br>TAILORED SHARED SERVICES, LLC et al.,<br><br>             Defendants. | Case № 2:24-cv-03446-ODW (MRWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]; AND DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION [12]** |

## I.   INTRODUCTION

On March 26, 2024, Plaintiff Melissa Marshall ("Plaintiff") filed this wage and hour putative class action in the Los Angeles Superior Court. (Notice Removal ("NOR") Ex. 1 ("Complaint" or "Compl."), ECF No. 1-1.) On April 26, 2024, Defendants Tailored Shared Services, LLC ("TSS") and The Men's Wearhouse, LLC ("TMW") (collectively, "Defendants") removed the case to federal court asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (NOR ¶¶ 4–5, ECF No. 1.)

Plaintiff now moves to remand this action for lack of subject matter jurisdiction. (Mot. Remand, ECF No. 11.) Defendants, in turn, move to compel arbitration. (Mot.

Compel, ECF No. 12.)  For the reasons below, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES AS MOOT** Defendants' Motion to Compel.[1]

## II. BACKGROUND

Melissa Marshall has worked for TSS and TMW[2] as an hourly non-exempt tailor since September 1995.  (Compl. ¶¶ 8,16.)  Marshall brings this action on behalf of the class, which includes other hourly, non-exempt employees who worked for TSS and TMW during the applicable class period—estimated from March 26, 2020 to April 11, 2024 (the "Class Period").[3]  (*Id.* ¶¶ 2, 17, 27; NOR ¶ 15.)  Marshall asserts nine causes of action against Defendants: (1) failure to pay minimum wage for all hours worked; (2) failure to pay overtime compensation; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to indemnify necessary business expenses; (6) failure to timely pay employees' wages upon discharge or resignation ("waiting time penalties"); (7) failure to provide accurate wage statements; (8) violation of California's Unfair Competition Law; and (9) civil penalties and reasonable attorney's fees under the Private Attorneys General Act.  (Compl. ¶¶ 34–98.)

Defendants removed the case to federal court on the basis of CAFA jurisdiction.  (NOR ¶¶ 4–5.)  Marshall now moves to remand, and Defendants move to compel arbitration.  (*See* Mot. Remand; Mot. Compel.)  Both motions are fully briefed.  (Opp'n Mot. Remand, ECF No. 13; Reply ISO Mot. Remand, ECF No. 14; Opp'n Mot. Compel, ECF No. 16; Reply ISO Mot. Compel, ECF No. 17.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life*

---

[1] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Marshall does not specify whether she was on either TSS or TMW payroll, or both.  (*See* Compl.) Marshall vaguely claims to work for "Defendants."  (Compl. ¶ 8.)  Accordingly, the Court treats both TSS and TMW as one employer in its analysis.

[3] Marshall does not define the relevant class period in the Complaint.  Accordingly, the Court applies the class period alleged in the Notice of Removal.  (NOR ¶ 15.)

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  CAFA grants federal courts original jurisdiction over class action cases when: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5 million.  28 U.S.C. §§ 1332(d)(2), (5)(B).  "[N]o antiremoval presumption attends cases invoking CAFA."  *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 82 (2014).

Although "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," when a plaintiff challenges a defendant's jurisdictional allegation, "[e]vidence establishing the amount is required."  *Id.* at 89.  "[B]oth sides submit proof" and the court decides whether the defendant has met the amount in controversy requirement "by a preponderance of the evidence."  *Id.* at 88.  Such evidence may include "affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Whether the defendant meets its burden of demonstrating the amount in controversy is "to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure."  *Ibarra*, 775 F.3d at 1198.  "[M]ere speculation and conjecture, with unreasonable assumptions," do not suffice.  *Id.* at 1197.  If a court finds it is "[w]ithout jurisdiction, the court cannot proceed at all in any cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (citing *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

## IV.   DISCUSSION

Defendants assert that the amount in controversy is met based on conservative and reasonable assumptions derived from the Complaint and the declaration of TSS's Director of Pay Services ("Nguyen Declaration").  (Opp'n Mot. Remand 10–17; *see*

3

Decl. Cung D. Nguyen ("Nguyen Decl."), ECF No. 1-3.) The Nguyen Declaration[4] provides that, during the Class Period, Defendants: (1) employed 3,633 non-exempt employees who worked a total of 101,292 bi-weekly pay periods, (2) had 2,557 inactive or terminated employees, and (3) paid non-exempt employees an average hourly wage of $20.33. (Nguyen Decl.) Using these figures, Defendants place the following amounts in controversy:

- Minimum wage claim: $1,316,796.
- Overtime compensation claim: $1,030,139.64.
- Meal and rest period claims: $4,118,532.72.
- Liquidated damages for minimum wage claim: $1,316,796.
- Waiting time penalties: $7,977,840.

(NOR ¶¶ 41–43, 49–52, 59–60; Opp'n Mot. Remand 16.)

Marshall moves to remand on the grounds that Defendants base their asserted amount in controversy on arbitrary and unsupported assumptions. (Mot. Remand 3–11.) Because the parties do not contest diversity, the issue at hand is whether Defendants have established by preponderance of evidence that over $5 million is in controversy. (Mot. Remand 1–2); 28 U.S.C. §§ 1332(d)(2).

### A. Meal Period, Overtime, and Waiting Time Claims

Marshall argues that Defendants offer no evidence as to shift lengths or average hours worked by the class to reasonably support the proposed meal period, overtime, and waiting time penalties calculations. (Mot. Remand 9–10; Reply ISO Mot. Remand 8.) The Court agrees.

Under California Law, an employee is entitled to a thirty-minute meal break after working "more than five hours per day." Cal. Lab. Code § 512. Where, as here, the

---

[4] Marshall objects on various grounds to the Nguyen Declaration. (Pl.'s Evid. Objs., ECF No. 11 4.) The Nguyen Declaration provides Defendants' number of employees, number of bi-weekly pay periods, and average hourly wage rates for non-exempt employees during the Class Period. (*See* Nguyen Decl.) The Court finds this information ultimately immaterial because resolution of the Motion to Remand relies on shift lengths, or absence thereof. Accordingly, the Court declines to rule on Marshall's evidentiary objections.

4

defendant "fail[s] to provide *any* evidence to support its assumption . . . [that all employees] worked shifts long enough to qualify for meal . . . periods," the defendant's assumptions are deemed unreasonable. *Harris v. KM Indus. Inc.*, 980 F.3d 694, 701 (9th Cir. 2020) (alterations and emphasis in original); *see also Holocomb v. Weiser Sec. Svcs., Inc.*, 424 F. Supp. 3d 840, 846 (C.D. Cal. 2019) (concluding that a defendant provides no support of meal and rest period violation rates when he is "silent as to the lengths of shifts, employee' part-time or full-time status, or frequency of violations").

In this case, Marshall alleges that Defendants had a "policy and practice" not to provide meal periods. (Compl. ¶¶ 20–21.) Based on this allegation alone, Defendants make a blanket assumption that all 3,633 employees each worked shifts that were long enough to qualify for one violation per pay period. (Opp'n Mot. Remand 14; *see* NOR ¶¶ 59–60.) This assumption is unsupported by the Nguyen Declaration, which is silent as to shift lengths. (*See* Nguyen Decl.) At best, Defendants point to Marshall's allegation in the Complaint that Defendants "sometimes, but not always" required Marshall and the class to work more than five hours a day without a meal break. (Compl. ¶ 20.) This, however, is still insufficient when Defendants offer no evidence as to the average shift length for the class that would allow the Court to ascertain how many potential violations are reasonable. *See Benitez v. Hyatt Corp.*, No. 23-CV-1696-JLS (AHG), 2024 WL 1401712, at *4 (S.D. Cal. Mar. 21, 2024) ("Defendant has offered no evidence regarding the average shift length" and cannot "rely on the Complaint to justify its assumption that class members consistently worked shifts of sufficient length . . . [when] the Complaint alleges only that California class members 'were required *from time to time* to work . . . for more than five (5) hours.'"). Accordingly, Defendants failed to meet its burden with respect to meal break violations.

Defendants' overtime compensation calculation fails for the same reason as above. California law requires that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

1  Cal. Lab. Code. § 510(a).  Defendants place $1,030,139.64 in controversy by
2  "conservatively" assuming every class member accrued one hour of unpaid overtime
3  per pay period.  (NOR ¶¶ 49, 52.)  Yet, when challenged, Defendants provide no
4  evidence to support that any employee worked more than eight hours a day or more
5  than forty hours a week to be eligible for even one violation per pay period. *Cf. Loaiza*
6  *v. Kinkisharyo Int'l, LLC*, No. 2:19-cv-07662-JAK (KSx), 2020 WL 5913282, at *9
7  (C.D. Cal. Oct. 6, 2020) (finding the defendant's overtime violation rate reasonable
8  when it is supported by evidence of the average hours worked per day and number of
9  days worked during the applicable period).  Even if the violation rate is conservative, it
10 must be supported.  *See Holocomb*, 424 F. Supp. 3d at 846 (finding the defendant failed
11 to justify a "conservatively assumed" one hour of unpaid overtime per work week
12 without any supporting evidence); *Toribio v. ITT Aerospace Controls LLC*, No. 2:19-
13 cv-05430-GW (JPRx), 2019 WL 4254935, at *3 (C.D. Cal. Sep. 15, 2009) (finding the
14 defendant cannot "pull violation rates out of thin air, whether it characterizes them as
15 'conservative' or not.")  Accordingly, Defendants' overtime calculations are based on
16 unsupported assumptions and are therefore unreasonable.

17  Defendants' calculation for waiting time penalties, raised for the first time in their
18 opposition, likewise fails due to lack of shift lengths.  California law provides a penalty
19 when "an employer willfully fails to pay . . . any wages of an employee who is
20 discharged or who quits."  Cal. Lab. Code § 203(a).  The penalty is calculated by "an
21 employee's rate of pay . . . calculated as a daily figure . . . multiplied by the number of
22 days of nonpayment for a maximum of 30 days."  *Benitez*, 2024 WL 1401712, at *5
23 (citing *Mamika v. Barca*, 68 Cal. App. 4th 487, 494 (1998)).  The alleging party must
24 support the calculation with "the nature and duration of the work at issue."  *Montoya v.*
25 *Sights on Serv., Inc.*, No. 8:19-cv-02334-JLS (SHKx), 2020 WL 550691, at *4
26 (C.D. Cal. Feb. 4, 2020).  For example, courts have determined eight hours to be
27 appropriate when it is properly "alleged that the laborers at issue were full-time
28 employees."  *Id.* at *4 (first citing *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014,

6

1021 (N.D. Cal. 2010); and then citing *Hernandez v. Martinez*, No. 12-cv-061330-LHK, 2014 WL 3962647, at *1–2 (N.D. Cal. Aug. 13, 2014)); *cf. Benitez*, 2024 WL 1401712, at *5 (collecting cases where courts "refused to credit waiting-time-penalty estimates offered by Defendants who fail to provide shift-length evidence.").

Here, Defendants arrive at a waiting time penalties calculation of $7,977,840 by assuming that all 2,557 former non-exempt class plaintiffs are eligible for the full eight hours a day waiting time-penalty for thirty days. (Opp'n Mot. Remand 16.) But Defendants provide no evidence that Marshall or any member of the class worked full-time. Defendants also assume a 100% violation rate, entitling all 2,557 former employees to the maximum thirty-day waiting time penalty, without any evidentiary support. (*Id.*) Even assuming the 100% violation rate is appropriate, the absence of support for any specific shift length causes the calculation to be unworkable. Accordingly, Defendants' amount in controversy calculation for waiting time penalties is also unreasonable.

The Ninth Circuit holds that to zero-out a claim is "a draconian response" when a better assumption is available. *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 995 (9th Cir. 2022). However, "[w]here a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." *Id.* at 996. As neither party proposes an alternative reasonable assumption, and as the absence of shift lengths would require the Court make unsupported assumptions of its own, the Court finds that Defendants fail to meet their burden as to meal period, overtime compensation, and waiting time penalties. The Court accordingly assigns a $0 valuation to each of these claims for the purpose of Marshall's Motion to Remand.

**B.    Rest Period and Minimum Wage Claims**

The Court need not address Defendants' remaining rest period and minimum wage claim calculations as, without meal period, overtime compensation, and waiting

7

time penalties, Defendants fail to place at least $5 million in controversy.  Even assuming, *arguendo,* Defendant's rest period and minimum wage calculations are reasonable, this would place $4,692,858.36 in amount in controversy (*see* NOR ¶¶ 41–43, 59–60; Opp'n Mot. Remand 16), which is short of the jurisdictional threshold under CAFA.

## V.   CONCLUSION

For the reason discussed above, the Court **GRANTS** Plaintiff's Motion to Remand.  (ECF No. 11.)   This action is **REMANDED** to the Superior Court of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, Case No. 24STCV07672.  All dates and deadlines are hereby **VACATED**.  Consequently, the Court **DENIES** Defendants' Motion to Compel Arbitration, (ECF No. 12), as moot.

**IT IS SO ORDERED.**

November 4, 2024

_____
             **OTIS D. WRIGHT, II**
     **UNITED STATES DISTRICT JUDGE**